IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MANDEL D. WALKER,

    Plaintiff,

v.         : Civil Action No. 18-1329-CFC

CONNECTIONS (LLC), et al.,

    Defendants.

---

Mandel D. Walker, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 11, 2018
Wilmington, Delaware

**CONNELLY, U.S. District Judge:**

Plaintiff Mandel D. Walker ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). Plaintiff appears *pro se* and has paid the filing fee. The Court screens and reviews the Complaint pursuant to 28 U.S.C. § 1915A(a).[2]

## I. BACKGROUND

Plaintiff injured himself on February 17, 2018, while playing basketball at the Sussex Correctional Institution ("SCI") gym. (D.I. 2 at 10) Plaintiff has since transferred to the VCC. Following the injury, Plaintiff sought medical care from a variety of medical personnel. (*Id.* at 10-12) Physical therapy began on May 16, 2108 and, on May 28, 2018, an ultrasound was performed after Plaintiff had submitted a grievance[3] complaining that he had yet to receive the test.

On May 30, 2018, Plaintiff was notified of the ultrasound results - "the test result is not within normal limits." (*Id.* at 12) Plaintiff was told he was scheduled to see a physician, but nothing was done despite his repeated sick call slips and filing of grievances. (*Id.*) On July 12, 2018, provider Dr. Harris scheduled Plaintiff for an MRI

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

[3] Defendant Bureau Chief Marc Richman ("Richman") denied the grievance on May 29, 2018. (D.I. 2 at 11)

1

and an exam by an orthopedic surgeon. As of the date the complaint was signed, August 20, 2018, Plaintiff had not been called to sick call. (*Id*. at 12)

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6)

2

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment

The Complaint names as a Defendant the Delaware Department of Correction ("DOC"). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the DOC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the court will dismiss the claims against the DOC pursuant to 28 U.S.C. § 1915A(b)(2) as it is immune from suit.

### B. Respondeat Superior/Personal Involvement

Plaintiff's Complaint does not mention Defendants Warden Robert May ("May") or Deputy Warden Truman Mears ("Mears") other than to name them as defendants. It is apparent they are named as defendants based upon their supervisory positions.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor

4

approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

The Complaint provides no specific facts how Warden Mays or Deputy Warden Mears violated Plaintiff's constitutional rights, that they expressly directed the deprivation of his constitutional rights, or that they created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Accordingly, the Court will dismiss as frivolous all claims against Warden Mays and Deputy Warden Mears as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### C. Grievances

The sole allegation against Defendant Bureau Chief Marc Richman is that he denied Plaintiff's medical grievance on May 29, 2018. To the extent this claim is based upon Plaintiff's dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process. *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court as he has done. *Winn v.*

5

*Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729.

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, that it was denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Richman as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### D. Medical Needs

Plaintiff has alleged what appear to be cognizable § 1983 medical needs claims against Defendants Connections (LLC) Wilmington and Dover as well as numerous medical personnel Jane/John Doe Defendants for delay or denial in providing medical care to Plaintiff's serious medical needs. Plaintiff will be allowed to proceed against these Defendants.

### CONCLUSION

For the above reasons, the Court will: (1) dismiss Defendants Department of Correction, Marc Richman, Robert May, and Truman Mears pursuant to U.S.C. § 1915A(b)(1) as the claim are frivolous; and (2) allow Plaintiff to proceed against Connections (LLC) Wilmington and Dover and Jane/John Doe Defendants.

An appropriate Order will be entered.