IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MANDEL D. WALKER, | : | |
| Plaintiff, | : | |
| v. | : Civil Action No. 18-1329-CFC | |
| CONNECTIONS (LLC), et al., | : | |
| Defendants. | : | |

Mandel D. Walker, Middletown, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendant Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

January 7 , 2020
Wilmington, Delaware

*Cohn F. Connolly*

**CONNOLLY, U.S. District Judge:**

Plaintiff Mandel D. Walker ("Plaintiff"), a former inmate, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has paid the filing fee. Before the Court is a motion to dismiss filed by Defendant Connections Community Support Programs, Inc. ("Connections" or "Defendant"). (D.I. 16) The matter has been fully briefed.

## I. BACKGROUND

Plaintiff, while incarcerated, injured himself on February 17, 2018, playing basketball at the Sussex Correctional Institution in Georgetown, Delaware. (D.I. 2 at 10) Following the injury, Plaintiff sought medical care from a variety of medical personnel. (*Id.* at 10-12) Physical therapy began on May 16, 2018 and, on May 28, 2018, an ultrasound was performed, but only after Plaintiff submitted a grievance on May 8, 2018 complaining that he had yet to receive the test. (*Id.* at 11) The grievance was denied initially and on appeal. (*Id.*)

On May 30, 2018, Plaintiff was notified that the ultrasound result was "not within normal limits." (*Id.* at 12) Plaintiff was told he was scheduled to see a physician, but nothing was done despite his repeated sick call slips and filing a grievance on July 11, 2018 to see a physician or medical provider. (*Id.*) On July 12, 2018, provider Dr. Harris scheduled Plaintiff for an MRI and an exam by an orthopedic surgeon. As of the date the Complaint was signed, August 20, 2018, Plaintiff had not been called to sick call. (*Id.* at 12)

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## III.    DISCUSSION

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) the Complaint fails to state a claim for deliberate indifference under the Eighth Amendment; (2) Plaintiff failed to exhaust his administrative remedies as is required under the Prison Litigation Reform Act; and (3) Plaintiff failed to attach an affidavit of merit for any potential medical negligence claims.

### A.    Medical Needs

Connections seeks dismissal of the § 1983 claims on the grounds that the Complaint fails to state a claim for deliberate indifference under the Eighth Amendment.[1] The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05; *Pearson v. Prison Health Serv.*, 850 F.3d 526, 537 (3d Cir. 2017) (a delay or denial of medical treatment claim must be approached differently than an adequacy of care claim).

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of Defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584 (citations omitted).

4

"'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. at 1132 (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

Connections argues dismissal is appropriate because Plaintiff received some treatment and posits that Plaintiff's claim is based upon his dissatisfaction with the course of treatment or medical judgment of medical providers. It also argues that Plaintiff fails to establish that Connections maintained a policy, practice, or custom that caused constitutional harm to Plaintiff.

As is well-established, the legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous § 1983 claims against Connections as well as numerous medical personnel Jane/John Doe Defendants for delay or denial in providing him medical care for serious medical needs. Nothing has changed since that ruling. Nonetheless, the Court has revisited the allegations, liberally

construed them, as it must, and finds that Plaintiff adequately raises medical needs claims under the Eighth Amendment.

In addition, there is no dispute that Connections is responsible for inmate care at Sussex Correctional Institution where Plaintiff was housed during the relevant time-frame. It is alleged that Plaintiff had a serious medical condition and that there was a delay in providing treatment to Plaintiff. Plaintiff is not required to recite the specific text or official policy. He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations, Plaintiff adequately states a claim against Defendant. The Complaint pleads facts that indicate there was repeated delay in providing Plaintiff medical care despite its necessity sufficient to allege a custom or court of conduct by Connections. While discovery may show that Connections acted properly, at this stage of the litigation, Plaintiff has pled sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss claims raised pursuant to 42 U.S.C. § 1983.

### B.    Exhaustion of Administrative Remedies

Connections also seeks dismissal on the grounds that Plaintiff has failed to exhaust his administrative remedies. Connections argues that Plaintiff obtained the relief he sought through a grievance submitted for an ultrasound and therefore, there is no valid legal action for that claim. Connections also contends that Plaintiff did not exhaust his administrative remedies on the grievance he submitted on July 11, 2018 seeking medical care. Connections argues that the Complaint does not address

6

whether there was a hearing on the grievance, whether it was denied, or if it was appealed. Plaintiff responds that he properly exhausted his administrative remedies.

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"). The limitations period for filing § 1983 action is tolled during the period that a prisoner spends exhausting his administrative remedies. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 480 (3d Cir. 2019).

An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have concluded that

inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See e.g.*, *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008). Finally, the "failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." *Paladino v. Newsome*, 885 F.3d 203, 207 (3d Cir. 2018) (quoting *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013)).

Contrary to Defendant's position, the Complaint alleges there was a grievance procedure available where Plaintiff was housed, he filed a grievance, and the grievance process was completed. (D.I. 2 at 13) The face of the Complaint indicates that Plaintiff exhausted his administrative remedies. There is nothing before the Court to indicate otherwise.

Finally, Defendant argues that because Plaintiff received the ultrasound he sought through the grievance procedure, there is no valid legal action for this claim. While Plaintiff may have received the ultrasound, the Complaint, nonetheless, alleges a § 1983 claim for delay in providing needed medical care. The PLRA only requires that a prisoner exhaust his administrative remedies prior to bringing a lawsuit. 42 U.S.C. § 1997e(a). Defendant's position is not a basis for dismissal.

In light of the foregoing, the Court will deny Defendant's motion to dismiss for failure to exhaust administrative remedies.

### C.   Medical Negligence

Connections moves for dismissal to the extent Plaintiff intended to raise medical negligence claims. In Delaware, medical malpractice is governed by the Delaware

Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). He did not. Therefore, the Court will grant the motion to dismiss medical negligence claims raised against Connections.

## IV. CONCLUSION

Based upon the above discussion, the Court will grant in part and deny in Defendant's motion to dismiss. (D.I. 24) The medical negligence claims will be dismissed.

An appropriate order will be entered.