IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANDEL D. WALKER, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 18-1329-CFC ) |
| CONNECTIONS (LLC), et al., | ) ) |
|       Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 19th day of January, 2021, having considered Plaintiff's request for counsel (D.I. 41);

IT IS ORDERED that the request for counsel (D.I. 41) is **denied** without prejudice to renew for the reasons that follow:

1. Plaintiff seeks counsel on the grounds that he is having difficulty conducting legal research because the law library is via "in-house mail only" until further notice due to the pandemic; it is unknown when the law library will resume normal operations; Plaintiff is bombarded by defense counsel with discovery requests; he is having difficulty grasping legal issues; Defendants ask legal questions that are beyond Plaintiff's ability to comprehend; he may require an expert witness; he is having problems obtaining his medical records; and Defendants have not provided him with the names of the Doe defendants. (D.I. 41)

2. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1]  See *Brightwell v. Lehman*, 637 F.3d 187,

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling

1

192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

4. Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time. To date, Plaintiff has ably represented himself and presented his claims. In addition, the Court docket reflects that he ably navigated the discovery process. Also, this Court ordered Connections to provide Plaintiff with a copy of his medical records. Finally, Plaintiff's filings indicate that he understands the issues he raises and adequately addresses those issues.

---

attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

5.      For these reasons, the Court will deny the request for counsel without prejudice to renew.

_____
UNITED STATES DISTRICT JUDGE